UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

    Plaintiffs,

v.                                          Case No:   6:19-cv-170-Orl-37TBS

COCOA SMOKE SHOP, LLC and JOSH
GIMELSTEIN,

    Defendants.

## ORDER

Pending before the Court is Plaintiffs' Motion for Enlargement of Time to Serve the Defendants (Doc. 18). Plaintiffs filed this lawsuit against Defendants Cigarette Depot, Inc. and Eduardo Ortega on January 1, 2019 (Doc. 1). On March 11, 2019, they amended their complaint to sue Defendants Cocoa Smoke Shop, LLC and Josh Gimelstein (Doc. 11). Summonses were issued that day (Doc. 12).

Federal Rule of Civil Procedure 4(m) gives a plaintiff ninety days after the complaint is filed to serve a defendant. If the plaintiff fails to serve a defendant within that timeframe "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. But, the court must extend the time for service if the plaintiff can demonstrate "good cause" for the failure. Id. "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281

(11th Cir. 2007) (alteration in original) (quoting Prisco v. Frank, 929 F.3d 603, 604 (11th Cir. 1991) (per curiam)).

On June 24, 2019, the Court ordered Plaintiffs to show cause why this case should not be dismissed because Defendants had not been served (Doc. 15). Plaintiffs' response consisted of four numbered paragraphs alleging that "Defendant may be evading service. The Plaintiffs recently provided LRI Process Serving an additional address to attempt service upon the Defendants." (Doc. 16, ¶ 3). The Court struck this response because it included a motion to extend the time for service of process (Doc. 17).

Plaintiff have taken their response to the Order to Show Cause, added two paragraphs, and refiled it as the instant motion for an enlargement of time to serve Defendants (Doc. 18). New paragraph two references the Order to Show Cause and new paragraph five provides a minimal summary of Rule 4(m), presumably to comply with Local Rule 3.01(a) (Id.).

Now, the motion is **DENIED without prejudice** because it does not specify the length of the requested extension and it prays "that this Honorable Court grant this Motion for Enlargement to File the Joint Scheduling Report, and any other relief this Court deems just and proper." (Id., at 2). Counsel are cautioned that in the future, they should read what they sign before it is filed with the Court.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties